**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000349
15-MAR-2024
07:57 AM
Dkt. 54 SO**

NO. CAAP-22-0000349

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE TAX APPEAL OF
HAWAIIAN AIRLINES, INC., Plaintiff-Appellant, v.
DEPARTMENT OF TAXATION, Defendant-Appellee.

APPEAL FROM THE TAX APPEAL COURT
(CASE NO. 1CTX-21-0000493)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Plaintiff-Appellant Hawaiian Airlines, Inc. (**Hawaiian**) appeals from the Tax Appeal Court's[1] May 16, 2022 "Final Judgment Re: Order Granting Defendant Department of Taxation, State of Hawaii's Motion to Dismiss or, in the Alternative, Cross Motion for Summary Judgment Filed on December 10, 2021."

On appeal, Hawaiian argues the Tax Appeal Court erred in determining it had no jurisdiction over this case.

---

[1] The Honorable Gary W.B. Chang presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the appeal as discussed below, and affirm.

Hawaiian purchased supply parts from Boeing for Hawaiian's fleet of Boeing aircraft, and agreed to pay certain taxes related to those purchases. At Hawaiian's request, Boeing sought a tax exemption for these sales under Hawaiʻi Revised Statutes (**HRS**) § 237-24.9 (2017).[2]

Defendant-Appellee State of Hawaiʻi Department of Taxation (**Tax Department**) audited Boeing, with one issue being whether Boeing's sales of parts to Hawaiian were exempt under HRS § 237-24.9. In an email to Boeing, Tax Department stated its position was the exemption was for "services provided to a customer not on sales of parts alone to its customers." (Emphasis omitted.)

On June 8, 2021, Boeing billed Hawaiian for these taxes. The following day, June 9, 2021, Hawaiian submitted its

---

[2] HRS chapter 237 is the General Excise Tax law, which levies annual "privilege taxes against persons on account of their business and other activities in the State measured by the application of rates against values of products, gross proceeds of sales, or gross income[.]" HRS § 237-13 (Supp. 2018).

However, "[t]his chapter shall not apply to amounts received from the servicing and maintenance of aircraft or from the construction of an aircraft service and maintenance facility in the State." HRS § 237-24.9(a).

banking/routing information to Tax Department to pay Boeing's tax noting it was paying "under protest."[3]  (Formatting altered.)

On June 10, 2021, Hawaiian filed a complaint for declaratory judgment in the Tax Appeal Court, asserting the "Tax Appeal Court has jurisdiction over this action for recovery of taxes paid under protest pursuant to [HRS] § 40-35 [(2009)] and Rule 1.1 of the Rules of the Tax Appeal Court."[4]

Over a month later, on July 26, 2021, Tax Department issued a "Notice of Final Assessment of General Excise and/or Use Tax" (**Notice of Final Assessment**) to Boeing.  The notice instructed Boeing to submit payment immediately if it agreed

---

[3]  Hawaiian maintained it had "the right, under [HRS § 232-1 (2017)] to any appeal rights Boeing may have to challenge the tax imposed."  HRS § 232-1 provides:

> Whenever any person is under a contractual obligation to pay a tax assessed against another, the person shall have the same rights of appeal to the board of review, the tax appeal court, and the intermediate appellate court, subject to chapter 602, in the person's own name, as if the tax were assessed against the person.  The person against whom the tax is assessed shall also have a right to appear and be heard on any such application or appeal.

[4]  HRS § 40-35 provides in pertinent part:

> (a)  Any disputed portion of moneys representing a claim in favor of the State may be paid under protest to a public accountant of the department, board, bureau, commission, or other agency of the State with which the claimant has the dispute. . . .

> (b)  Action to recover moneys paid under protest or proceedings to adjust the claim may be commenced by the payer or claimant against the public accountant to whom the payment was made, in a court of competent jurisdiction, within thirty days from the date of payment. . . .  Any action to recover payment of taxes under protest shall be commenced in the tax appeal court.

with the final assessment; otherwise, if it disagreed with the final assessment, it could "appeal in accordance with the [attached] Hawaii Taxpayer Bill of Rights." The Taxpayer Bill of Rights included information about paying the disputed tax assessment under protest and filing an action in tax appeal court.

On December 10, 2021, Tax Department filed a Motion to Dismiss or, in the Alternative, Cross Motion for Summary Judgment (**Motion**), arguing the Tax Appeal Court lacked jurisdiction because there was no actual dispute between Boeing and Tax Department when Hawaiian made the payment under protest.[5] The Tax Appeal Court granted Tax Department's Motion.

The Tax Appeal Court correctly granted Tax Department's Motion because, as the Hawai'i Supreme Court held, "there must be an 'actual dispute' before a taxpayer can make a payment under protest and bring an action under" HRS § 40-35. Grace Bus. Dev. Corp. v. Kamikawa, 92 Hawai'i 608, 612, 994 P.2d 540, 544 (2000).

---

[5] We note the Tax Appeal Court held two hearings on Tax Department's Motion, however, the transcript from the initial hearing is not included in either the Tax Appeal Court's record or in the record on appeal before this court. See Hawai'i Rules of Appellate Procedure Rule 10(b)(1)(A) and (b)(4); Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 231, 909 P.2d 553, 558, 559 (1995) (leaving the lower court's decision in place without transcripts to the relevant hearing, noting "[t]he burden is upon appellant in an appeal to show error by reference to matters in the record, and [appellant] has the responsibility of providing an adequate transcript") (citations omitted).

Hawaiian argues the email from Tax Department to Boeing, a Tax Department interoffice memorandum not sent to Boeing or Hawaiian, and a letter from Tax Department sent to Boeing with a notice of proposed assessment were "rulings" triggering the Tax Appeal Court's jurisdiction. But in Grace, the supreme court rejected "a case-by-case factual analysis of whether the surrounding circumstances are sufficient to constitute a 'dispute' and/or 'claim.'" Id. at 613, 994 P.2d at 545. The supreme court held that "where an administrative decision has not been formalized, simply arguing that there is a 'dispute' or 'difference of opinion' with [Tax] Department policy and paying taxes under protest does not present an actual dispute under HRS § 40-35." Id.

Here, there was no formal decision until the July 26, 2021 Notice of Final Assessment, which was after Hawaiian submitted payment under protest and filed the action below. See generally, id. at 613, 994 P.2d at 545. Thus, Hawaiian cannot rely on HRS § 40-35 to invoke the Tax Appeal Court's jurisdiction.

Based on the foregoing, we affirm the Tax Appeal Court's May 16, 2022 "Final Judgment Re: Order Granting Defendant Department of Taxation, State of Hawaii's Motion to

5

Dismiss or, in the Alternative, Cross Motion for Summary Judgment Filed on December 10, 2021."

DATED:  Honolulu, Hawaiʻi, March 15, 2024.

On the briefs:

Thomas Yamachika,
for Plaintiff-Appellant.

Gary S. Suganuma,
Mary Bahng Yokota,
Deputy Attorneys General,
for Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge